

# Fourth Court of Appeals
## San Antonio, Texas

October 19, 2022

No. 04-21-00021-CV

Nancy **ALANIS**,
Appellant

v.

**U.S BANK NATIONAL ASSOCIATION**, as successor trustee to Bank of America, National
Association, as successor by Merger to Lasalle Bank, M.A., as trustee for the MLMI Trust Series
2006-He6; and Nationstar Mortgage, LLC d/b/a Mr. Cooper,
Appellees

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2020-CI-01238
Honorable Michael E. Mery, Judge Presiding

# O R D E R

Sitting:        Rebeca C. Martinez, Chief Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice
                Beth Watkins, Justice (not participating in the decision)
                Liza A. Rodriguez, Justice
                Lori I. Valenzuela, Justice

On August 31, 2022, this court issued its opinion and judgment in this appeal. Appellant
timely filed a motion for rehearing and a motion for en banc reconsideration. Each motion
exceeded the maximum word count. *See* TEX. R. APP. P. 9.4(i)(1), (2)(D). We struck the
motions, but we allowed Appellant to file amended motions that complied with the applicable
rules. *See, e.g.*, TEX. R. APP. P. 9.4, 9.5, 49.1, 49.5.

Appellant timely filed amended motions for rehearing and en banc reconsideration, but
again, each exceeded the maximum word count. *See* TEX. R. APP. P. 9.4(i)(1), (2)(D).

On October 6, 2022, we struck the amended motions and noted the deadline to file a
motion for rehearing or en banc reconsideration had passed. *See* TEX. R. APP. P. 49.1, 49.5, 49.9.

On October 11, 2022, Appellant filed a motion requesting that we reinstate her amended motion for rehearing and amended motion for en banc reconsideration. Appellant insists that the words in the approximately twenty-seven pages of text that she inserted as "screen shots" should not be counted. We disagree.

"In calculating the length of a document, *every word and every part of the document*, including headings, footnotes, and quotations must be counted [except for certain excluded parts]." TEX. R. APP. P. 9.4(i)(1) (emphasis added). Even if we interpreted Rule 9.4(i)(1) to exclude the approximately twenty-seven pages of pure text inserted as "screen shots," which we do not, Appellant's motions are still more than 5,400 words in length. *Contra* TEX. R. APP. P. 9.4(i)(2)(D) (limiting a motion for rehearing to 4,500 words).

Appellant's October 11, 2022 motion to reinstate her amended motion for rehearing and her amended motion for en banc reconsideration is DENIED. *See* TEX. R. APP. P. 9.4(i)(1), 49.1, 49.5, 49.9.

If Appellant seeks further review, Appellant may file a petition for review with the Supreme Court of Texas. *See* TEX. R. APP. P. 53.1.

It is so **ORDERED** on October 19, 2022

ATTESTED TO: _____
MICHAEL A. CRUZ,
CLERK OF COURT

**PER CURIAM**